No. 21-20109

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

FIFTH CIRCUIT

VANTRERIUS MCKNIGHT,

*Plaintiff-Appellant*,

—*vs.*—

HELIX ENERGY SOLUTIONS GROUP,
INCORPORATED,

*Defendant-Appellee.*

CLAYTON FRUGE, Individually and on Behalf of All
Others Similarly Situated, and
DEREK BELHUMEUR,

*Plaintiffs-Appellants*,

—*vs.*—

HELIX ENERGY SOLUTIONS GROUP,
INCORPORATED,

*Defendant-Appellee.*

On Appeal from the
United States District Court for the Southern District of Texas
No. 4:19-cv-02852 (consol. w/ No. 4:19-cv-04705), Hon. Lynn N. Hughes

## REPLY BRIEF OF APPELLANTS

MELISSA MOORE
   Tex. Bar No. 24013189
      melissa@mooreandassociates.net

CURT HESSE
   Tex. Bar No. 24065414
      curt@mooreandassociates.net

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739
www.mooreandassociates.net

# TABLE OF CONTENTS

Table of Contents ..................................................................... ii

Table of Authorities ................................................................iv

Introduction ............................................................................1

Argument & Authorities ...........................................................3

1. The Court Should Reject Helix's Invitation to Ignore Settled Law and Do What the Trial Court Refused to Do: Apply Binding Precedent and Department of Labor Regulations to the Facts of This Case and Reverse..............................................................................3

   a. McKnight, Fruge and Belhumeur are not asking the Court to misconstrue anything .........................................................3

   b. The FLSA only exempts employees employed as seamen—not stewards or cooks—from its overtime requirements................................7

2. The District Court Deprived McKnight, Fruge and Belhumeur of a Full and Fair Opportunity to Discover Information Essential to Their Opposition to Helix's Motion for Summary Judgment .................................9

   a. As a threshold matter, Helix waived its argument for affirming the district court's denial of McKnight's, Fruge's and Belhumeur's request for additional discovery under Rule 56(d) ..................................9

   b. The rules permit McKnight, Fruge and Belhumeur to obtain discovery relevant to their claims and to Helix's defenses that is proportional to the needs of the case, but the trial court did not.............10

3. Helix Is Judicially Estopped From Arguing that Summary Judgment Against Belhumeur Was Proper.................................13

4. The District Court Did Not Overrule McKnight's, Fruge's and Belhumeur's Objections—It Simply Refused to Consider Them..................15

Conclusion..............................................................................18

Signature ........................................................................................... 18

Certification Regarding Privacy Redactions ........................................ 19

Certification Regarding Electronic Submission .................................. 20

Certificate of Service .......................................................................... 21

Certificate of Compliance ................................................................... 22

## Table of Authorities

**Cases**

*Adams v. All Coast, L.L.C.*,
988 F.3d 203 (5th Cir. 2021) ........................................................................ 3, 5

*Anderson v. Liberty Lobby, Inc.*,
447 U.S. 242 (1986) .................................................................................... 11

*Bodle v. TXL Mortg. Corp.*,
788 F.3d 159 (5th Cir. 2015) ..........................................................................8

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .................................................................................... 14

*Cherokee Nation v. Bernhardt*,
936 F.3d 1142 (10th Cir. 2019) ......................................................................9

*Coffin v. Blessey Marine Svcs., Inc.*,
771 F.3d 276 (5th Cir. 2014) ..........................................................................7

*Dewan v. M-I, L.L.C.*,
858 F.3d 331 (5th Cir. 2017) ..........................................................................4

*Gentrup v. Renovo Servs., LLC*,
No. 1:07-cv-430,
2010 U.S. Dist. LEXIS 143203 (S.D. Ohio Aug. 17, 2010) ........................... 16

*Halle v. Galliano Marine Serv., LLC*,
855 F.3d 290 (5th Cir. 2017) ..........................................................................8

*Hunter v. Sprint Corp.*,
346 F. Supp. 2d 113 (D.D.C. 2004) ............................................................... 16

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*,
892 F.3d 719 (5th Cir. 2018) ........................................................................ 11

*Martinez v. Abbott*,
796 F. App'x 196 (5th Cir. 2019) ..................................................................20

*McCoy v. Energy XXI GOM, L.L.C.*,
  695 F. App'x 750 (5th Cir. 2017) ...................................................... 14

*Miller v. Sam Houston State Univ.*,
  986 F.3d 880 (5th Cir. 2021) .......................................................12, 13, 15

*Prickett v. DeKalb*,
  349 F.3d 1294 (11th Cir. 2003) ........................................................ 16

*Reed v. City of Arlington*,
  650 F.3d 571 (5th Cir. 2011) .......................................................... 18

*Reich v. S. New England Telecomm. Corp.*,
  121 F.3d 58 (2nd Cir. 1997) ............................................................ 8

*Scott v. Chipotle Mexican Grill, Inc.*,
  300 F.R.D. 188 (S.D.N.Y. 2014) ..................................................... 16

*St. Clair v. Johnny's Oyster & Shrimp, Inc.*,
  76 F. Supp. 2d 773 (S.D. Tex. 1999) ................................................ 13

*Tarrant v. Offshore Oil Servs.*,
  No. H-11-4105,
  2013 U.S. Dist. LEXIS 37109 (S.D. Tex. Mar. 18, 2013) ...................................4

*Texas v. EPA*,
  726 F.3d 180 (D.C. Cir. 2013) ........................................................9

*Walling v. W.D. Haden Co.*,
  153 F.2d 196 (5th Cir. 1996) .........................................................9

*Wichita Falls Office Assocs. v. Banc One Corp.*,
  978 F.2d 915 (5th Cir. 1992) ........................................................ 11

## Statutes

29 U.S.C. § 213(b)(6) .............................................................. 1, 3, 9

29 U.S.C. § 216(b) .................................................................1, 18

29 U.S.C. §§ 201-219 ................................................................ passim

**Other Authorities**

Black's Law Dictionary (10th ed. 2014) .................................................9

**Rules**

5th Cir. R. 25.2.1 ................................................................24

5th Cir. R. 25.2.13 ..............................................................23

5th Cir. R. 25.2.5 ................................................................25

5th Cir. R. 32.1 ..................................................................26

5th Cir. R. 32.3 ..................................................................26

Fed. R. App. P. 25(b) ............................................................25

Fed. R. App. P. 25(c) ............................................................25

Fed. R. App. P. 28(a)(10) ........................................................26

Fed. R. App. P. 32(a)(5) ........................................................26

Fed. R. App. P. 32(a)(6) ........................................................26

Fed. R. App. P. 32(a)(7)(B) ......................................................26

Fed. R. App. P. 32(f) ............................................................26

Fed. R. App. P. 32(g)(1) ........................................................26

Fed. R. Civ. P. 1 ................................................................18

Fed. R. Civ. P. 26-37 ............................................................12

Fed. R. Civ. P. 32(a)(8) ........................................................19

Fed. R. Civ. P. 56(d) ...................................................... passim

Fed. R. Civ. P. tit. V ................................................................................. 1

Regulations

29 C.F.R. § 541.700 ................................................................................ 6

29 C.F.R. § 551.5(b)(3) ........................................................................... 6

29 C.F.R. § 552.104 ................................................................................ 6

29 C.F.R. § 552.5 .................................................................................... 6

29 C.F.R. § 552.6(b) ............................................................................... 6

29 C.F.R. § 553.212 ................................................................................ 6

29 C.F.R. § 570.52(c)(5) ......................................................................... 6

29 C.F.R. § 779.349 ................................................................................ 6

29 C.F.R. § 779.356(c) ............................................................................ 6

29 C.F.R. § 779.368(b) ............................................................................ 6

29 C.F.R. § 779.372(d) ............................................................................ 6

29 C.F.R. § 783.33 .................................................................................. 7

29 C.F.R. § 783.37 .................................................................................. 6

29 C.F.R. § 784.116 ................................................................................ 6

29 C.F.R. § 784.140(b) ............................................................................ 6

29 C.F.R. § 786.1 .................................................................................... 6

29 C.F.R. § 786.100 ................................................................................ 6

29 C.F.R. § 786.150 ................................................................................ 6

29 C.F.R. § 786.200 ................................................................................ 6

29 C.F.R. § 786.250 ..................................................................6

29 C.F.R. § 788.17 ...................................................................6

29 C.F.R. § 793.21 ...................................................................6

29 C.F.R. § 794.139 .................................................................6

29 C.F.R. §§ 779.402-403 ........................................................6

29 C.F.R. §§ 783.31-783.37 ................................................... 10

## INTRODUCTION

Helix equivocates, but make no mistake: It wants this Court to ignore the law—just like the trial court promised to do. (ROA.752 ("THE COURT: Okay, that's fine[,] but it's idiotic[.] … I'm not going to follow it.").) Essentially, it wants this Court to hold that an overtime exemption for "any employee *employed as a seaman*[,]" 29 U.S.C. § 213(b)(6) (emphasis added), really applies to all "vessel-based workers" (Helix's Br. at 17). It also claims that the district court—which has, for all intents and purposes, opted-out of Title V of the Federal Rules of Civil Procedure—was correct to deny McKnight's, Fruge's and Belhumeur's request for additional discovery under Rule 56(d) because they did not accurately divine the contents the company's dispositive motion before it was filed.

As to Belhumeur—for whom there is a total absence of evidence in the record—Helix cannot figure out whether he is actually part of the case or whether his status as a party depends on a finding by the trial court under 29 U.S.C. § 216(b) that he is similarly situated to McKnight and Fruge. The company has taken both positions (mostly recently the latter) depending on the relief sought. Lastly—and perhaps most remarkably—Helix claims that the trial court "properly overruled" (Helix Br. at 33 (cleaned up)) McKnight's evidentiary objections even though the trial court itself did

not once mention them—either to sustain *or* overrule them—in its three-page opinion on summary judgment. Accordingly, the Court should reverse.

### ARGUMENT & AUTHORITIES

**1. The Court Should Reject Helix's Invitation to Ignore Settled Law and Do What the Trial Court Refused to Do: Apply Binding Precedent and Department of Labor Regulations to the Facts of This Case and Reverse**

> a. *McKnight, Fruge and Belhumeur are not asking the Court to misconstrue anything.*

McKnight, Fruge and Belhumeur are not "asking this Court to misconstrue a DOL regulation to create a rigid rule[.]" (Helix's Br. at 14.) To the contrary—they are asking this Court to do what it did as recently as a few months ago: Apply the twenty-percent rule and binding precedent to determine whether cooks and stewards are exempt from the overtime requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") under 29 U.S.C. § 213(b)(6). *See, Adams v. All Coast, L.L.C.,* 988 F.3d 203, 213-15 (5th Cir. 2021). It is, instead Helix that wants this Court to "misconstrue" the law, the equivocal nature of its argument notwithstanding. Helix starts by accurately reciting the law (specifically, the "twenty-percent rule") and then moves straight to criticizing it with, among other things, a hypothetical involving pancakes.[1, 2] (*See, id.* at 19-21, 23-27.)

---

[1] In fact, Helix assumes that the Department of Labor regulations (specifically, the twenty-percent rule) do *not* apply except in those situations where it says otherwise. (*See, e.g.*, Helix's Br. at 9 ("Even assuming application of the U.S. Department of Labor ("DOL") regulations … ."); *see also, id.* at 23 (same).) But with respect to the regulations, no one needs to assume anything—they categorically apply.

[2] In support of its criticism of the twenty-percent rule, Helix relies on *Tarrant v. Offshore Oil Servs.,* No. H-11-4105, 2013 U.S. Dist. LEXIS 37109 (S.D. Tex. Mar. 18, 2013). (Helix's Br. at 21,

Helix's primary argument is that the twenty-percent rule is unworkable, impractical, and produces absurd results. (*See*, *id*. at 24-27.) In a nutshell, it claims that its cooks simply prepare food (for example, pancakes) for everyone on board, and the company has no way of knowing how many of the pancakes were consumed by "seamen [or] non-seamen[,]" which it would need to know to determine whether the cooks were exempt (because at least eighty percent of the pancakes they prepared were consumed by seamen) or nonexempt (because no more than twenty percent of the pancakes they prepared were consumed by non-seamen).[3] (*See*, *id*.) The district court said essentially the same thing when it granted summary judgment against McKnight, Fruge and Belhumeur. (*See*, *id*. at 15; *see also*, ROA.734-35 ("On Helix's ships, the meals were cooked in bulk and served buffetstyle. The meals were not served to the crew separately.").)

---

29.) The *Tarrant* court, though, actually applied the twenty-percent rule. *Id*. at *10-*31. In other words, it hurts—not helps—Helix.

[3] Helix incorrectly claims that the Court should affirm summary judgment since "Appellants and Helix's characterization of the job duties do not differ in *substance*." (Helix's Br. at 29 n.5 (emphasis in original).) Like its other arguments (see *infra* pages 6-7), this one too has been explicitly rejected by the Fifth Circuit. *See*, *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) (explaining that "[e]ven if the evidence is undisputed" about an employee's duties, a factfinder would nonetheless need to decide whether those duties qualified him for an exemption); *see also*, *id*. at 335 ("A check on any finding that the facts are undisputed is that the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." (citations and quotations omitted)).

That reasoning is both result-oriented and specious. For starters, it requires that the parties and the Court assume that the certain classes of workers consuming the pancakes are more gluttonous (or in the case of the stewards, messier) than others, and there is simply no reason to do so. The common-sense approach is to simply assume that if half the crew is comprised of seamen that half consumed fifty percent of the meals prepared by the cooks. Contrary to Helix's suggestion (Helix's Br. at 14, 24), this "personnel onboard" approach is precisely the one discussed—and approved—by this Court in *Adams*. 988 F.3d at 213-15. More importantly, the ignore-the-law approach advocated by Helix (Helix's Br. at 23-28)—and adopted by the district court (ROA.733-35)—would have profound and consequential implications for the FLSA's regulatory scheme writ large because the twenty-percent rule or some variation of it is used in connection with an array of FLSA exemptions and in other situations.[4]

---

[4] *See*, 29 C.F.R. § 541.700 (primary duty, generally); 29 C.F.R. § 551.5(b)(3) (local delivery drivers); 29 C.F.R. § 552.5 (casual basis); 29 C.F.R. § 552.6(b) (domestic service); 29 C.F.R. § 552.104 (babysitting); 29 C.F.R. § 553.212 (fire protection and law enforcement); 29 C.F.R. § 570.52(c)(5); 29 C.F.R. § 779.349 (manufacturing and processing); 29 C.F.R. § 779.356(c) (lumber and building materials dealers); 29 C.F.R. § 779.368(b) (printing and engraving establishments); 29 C.F.R. § 779.372(d) (certain nonmanufacturing establishments); 29 C.F.R. §§ 779.402-403 (administrative and executive employees); 29 C.F.R. § 783.37 (seamen); 29 C.F.R. § 784.116 (fishing); 29 C.F.R. § 784.140(b) (same); 29 C.F.R. § 786.1 (carriers by air); 29 C.F.R. § 786.100 (switchboard operators); 29 C.F.R. § 786.150; 29 C.F.R. § 786.200 (taxicab operators); 29 C.F.R. § 786.250 (newspaper publishers); 29 C.F.R. § 788.17 (forestry or logging); 29 C.F.R. § 793.21 (television station employees); 29 C.F.R. § 794.139 (bulk petroleum distribution).

The rest of Helix's arguments (and the district court's opinion (ROA.733-35)) are belied by Department of Labor regulations, the statutory text, and binding precedent. For example, Helix essentially claims that the Court should affirmed because cooking and cleaning is inherently seaman's work. (Helix's Br. at 6 ("Helix's vessels cannot operated … in an unhygienic state …[or] without food. Accordingly, all of the Stewards' duties are seaman duties … ." (citations omitted); *see also*, *id*. at 5-6, 13, 20-23, 28-30; *see also*, ROA.734-35 ("Feeding passengers or non-maritime crew at sea is an essential function of the vessel.").) But this Court has outright rejected that argument. *Coffin v. Blessey Marine Svcs., Inc.*, 771 F.3d 276, 283 (5th Cir. 2014) (explaining that cooking and cleaning is neither "inherently seaman nor nonseaman work, and its character depends on the context in which it is performed[]"). That makes sense because cooking and cleaning is an "essential function" of a variety of businesses (for example, restaurants, hotels, resorts, etc.), most of which are entirely terrestrial. Helix also claims that the Court should affirm because stewards have "merchant mariner credentials[.]" (Helix's Br. at 22 (cleaned up).) For FLSA purposes, though, it does not matter of a worker "articled as a seaman[.]" 29 C.F.R. § 783.33. It similarly does not matter if classifying stewards as exempt is "consistent with how the maritime industry has traditionally classified" stewards (*id*. at 3.) or if the steward agreed to be classified as

exempt (*id*. at 4 n.1) or if they would be entitled to "maritime protections [or classified as seamen] under federal maritime law" (*id*. at 4, 18, 22 n.4).[5, 6]

The point, simply, is this: McKnight, Fruge and Belhumeur are not "argu[ing] for a bright-line rule" (*id*. at 23) or criticizing the district court for deciding "against a rigid application of the [twenty-percent rule]" (*id*. at 29). They simply arguing that a district judge should not be permitted to cast aside the law based on a belief that it is "idiotic" or ignore binding precedent because it was penned by "pigeon-minded judges." (ROA.749-50, 752.) Accordingly, the Court should reverse.

> b. *The FLSA only exempts employees employed as seamen—not stewards or cooks— from its overtime requirements.*

Congress chose to exempt employees "employed as seamen" from the maximum hour requirements of the FLSA and them alone. 29 U.S.C. § 213(b)(6); *see also*, *Walling v. W.D. Haden Co.*, 153 F.2d 196, 199 (5th Cir. 1996). "Congress did not define 'seamen'

---

[5] *See*, *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2nd Cir. 1997) ("Nor is good faith demonstrated by the absence of complaints on the part of employees *or simple conformity with industry-wide practice*." (internal citations omitted) (emphasis added)); *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) ("The general rule establishes that FLSA claims (for unpaid overtime, in this case) cannot be waived."); *Halle v. Galliano Marine Serv., LLC*, 855 F.3d 290, 294 (5th Cir. 2017) (holding that "the definition of 'seaman' in the Jones Act is not equivalent to that in the FLSA[]"); *see also*, *id*. ("[I]t is error for a court to resolve an FLSA case by resorting to legal standards, such as the definition of a 'seaman' or an 'appurtenance,' from Jones Act caselaw.").

[6] It also does not matter whether McKnight, Fruge and Belhumeur *proved* that they are nonexempt. (Helix's Br. at 29.) In addition to the difficulty inherent in doing so while being prohibited from conducting discovery (see *infra* pages 10-12), FLSA exemptions are affirmative defenses on which the *employer* has the burden of proof. (*See*, Appellants' Br. at 18-19.)

in the statute." (Helix's Br. at 18.) And as Helix rightly points out, statutory language controls when it conflicts with an agency's implementing regulation. (*See*, *id*. at 27; *see also*, *id*. at 15 ("The law wisely requires that the statutes and regulations be read to effectuate their purpose.").) The word "seaman" refers to those "persons whose business is navigating ships[.]" *Seaman*, Black's Law Dictionary (10th ed. 2014). It does not include any other category of worker (for example, firemen, surgeons, cooks or stewards), and it does not mean "all vessel-based workers."

In implementing the seaman exemption, the Department of Labor departed from the statutory text[7] and applied it to a broader class of workers. *See generally*, 29 C.F.R. §§ 783.31-783.37. Unhappy with the existing breadth of the regulation, Helix wants this Court to "thwart the statutory mandate" (*id*. at 27) and "interpret an agency regulation to" (*id*.) go even further. What it really wants is a judicial rewriting of the FLSA's seaman exemption to include *all* vessel-based workers within its ambit. (*See*, *id*. at 17-18; *see also*, *id*. at 19-21.) That is, to quote Helix, an "absurd" reading of "the DOL's regulations on seaman status." (*Id*. at 14.) For these reasons, the Court should reject Helix's invitation to rewrite the law—and reverse.

---

[7] When a regulation conflicts with the unambiguous language of a statute, the statute, of course, controls. *See*, *Cherokee Nation v. Bernhardt*, 936 F.3d 1142, 1156 (10th Cir. 2019) ("[W]hen a statute and a regulation are in conflict, the statute renders the regulation which is in conflict with it void and unenforceable." (citation and quotation marks omitted)); *Texas v. EPA*, 726 F.3d 180, 195 (D.C. Cir. 2013) ("[A] valid statute always prevails over a conflicting regulation, and a regulation can never trump the plain meaning of a statute." (citations and quotation marks omitted)).

2. **The District Court Deprived McKnight, Fruge and Belhumeur of a Full and Fair Opportunity to Discover Information Essential to Their Opposition to Helix's Motion for Summary Judgment**

a. *As a threshold matter, Helix waived its argument for affirming the district court's denial of McKnight's, Fruge's and Belhumeur's request for additional discovery under Rule 56(d).*

Citing, among other things, a trial court's considerable discretion in handling discovery matters, Helix claims that the district judge was correct to McKnight's, Fruge's and Belhumeur's request for additional discovery under Rule 56(d). (*See*, Helix's Br. at 1, 16, 34-35.) That, though, is not quite right. As both the Supreme Court and this Court have explained, a Rule 56(d) motions "should be granted almost as a matter of course[.]" *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992) (internal citations and quotations omitted); *see also*, *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 250 n.5 (1986). And "[t]o avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 735 (5th Cir. 2018). By failing to do so, Helix forfeited its argument for affirming the district court's denial of McKnight's, Fruge's and Belhumeur's request for additional discovery under Rule 56(d), and this Court should therefore reverse.

b. *The rules permit McKnight, Fruge and Belhumeur to obtain discovery relevant to their claims and to Helix's defenses that is proportional to the needs of the case, but the trial court did not.*

For better or for worse, discovery is part of the civil litigation process. *See generally*, Fed. R. Civ. P. 26-37. This particular trial court, however, has a well-documented history of prohibiting most of it as a matter of course. *See, e.g.*, *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891-92 (5th Cir. 2021). This case is no exception. (ROA.24 ("No interrogatories, requests for admission, or depositions may be done without court approval).) In support of its argument that these limitations on discovery are *not* reversible error—an argument that is belied by cases like *Miller* and the rules themselves—Helix does two things. First, it generally complains that—in a court that routinely deprives litigants of their right to conduct discovery—McKnight even requested any. (Helix's Br. at 10, 34-35.) Second, it claims that McKnight's inability to accurately divine the contents the company's dispositive motion before it was filed and request the discovery it needed to oppose the motion at the Rule 16 scheduling conference resulted in waiver. (*Id.* at 7, 34-35.)

With respect to the former, Helix suggests that trial courts have considerable discretion in "handl[ing] discovery[]" (*id.* at 35) and that McKnight is simply complaining that he was "not allowed to conduct all the discovery [he] wanted" (*id.*).[8]

---

[8] Helix's related suggestion that some of the "information [that the plaintiffs wanted could] be found online[]" (Helix's Br. at 8) is nonsense. *See*, *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F.

It is, of course, true that trial courts possess considerable discretion in "handling discovery." *Miller*, 986 F.3d at 891. But suspending the rules related to discovery at the inception of every case by judicial fiat, which is what the trial court did (ROA.24), is only "handling" discovery in the most abstract—and absurd—sense. "To put it simply, the court's discovery restrictions suffocated any chance for [the plaintiffs] to fairly present [their] claims." *Id*. at 892. And "[w]hen a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error." *Id*.

With respect to the latter, Helix appears to suggest McKnight should have requested the discovery he needed to oppose summary judgment at the Rule 16 scheduling conference (ROA.64), which was after the trial court entered its form order prohibiting most discovery (ROA.24) and before the dispositive motion was even filed (ROA.66-84). (*See*, Helix's Br. at 7, 34-35.) *See*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment only appropriate "*after* an adequate time for discovery" (emphasis added)). That would require McKnight to accurately divine the contents of the motion. Aside from having no legal merit, divination is a tricky business.[9] And the suggestion that McKnight waived his right to conduct discovery at the scheduling

---

Supp. 2d 773, 775 (S.D. Tex. 1999) ("Any evidence procured off the internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception.").

[9] Even the weatherman gets caught in the rain sometimes.

conference is simply untrue. (*See*, *id*. at 7-8, 14, 34.) What McKnight said—again without the benefit of seeing Helix's dispositive motion—was that he "[*thought* he had] *probably* 95 percent of the materials that [he] need[ed]."[10, 11] (ROA.748 (emphasis added).) That is fundamentally different than a clear and unequivocal waiver of the right to conduct discovery, and the Court should not permit Helix to rewrite the record to suit its narrative. The revisionist nature of Helix's argument aside—and assuming without conceding that McKnight actually waived his right to conduct discovery—so what if he changed his mind after the company filed its dispositive motion? Contrary to Helix's suggestion (Helix's Br. at 8-10), there is simply nothing wrong with a party availing itself of Rule 56(d), especially in a trial court that routinely prohibits most discovery as a matter of course. *See, e.g.*, *Miller*, 986 F.3d at 891-92. Accordingly, the Court should reverse.

---

[10] Again, this statement was made after the trial court entered its form order prohibiting most discovery (ROA.24) and before Helix's dispositive motion was even filed (ROA.66-84).

[11] The suggestion that the trial court *only* invited Helix to file a dispositive *because* McKnight said that "he had 95% of the materials that he needed[]" (Helix's Br. at 14 (internal quotations omitted)) is frivolous. (*See also*, *id*. ("Only *after* this representation did the district court set the summary judgment briefing schedule." (emphasis in original).) This trial court habitually requests parties to file dispositive motions before any real discovery has taken place. *See, e.g.*, *McCoy v. Energy XXI GOM, L.L.C.*, 695 F. App'x 750, 753 (5th Cir. 2017) ("Soon thereafter, the district court specific in a management order that [the defendant] 'may move for summary judgment[.]'").

### 3. Helix Is Judicially Estopped From Arguing that Summary Judgment Against Belhumeur Was Proper[12]

Fruge, who had originally consented in writing to be part of *McKnight* under 29 U.S.C. § 216(b) (ROA.20), withdrew his consent (ROA.111-12) and filed his own lawsuit[13] (ROA.769-78) in direct response to Helix's claim that he could not participate in *McKnight* until the district court had authorized the case to proceed as a collective action. (ROA.70 ("Helix does not concede any argument regarding conditional certification *or whether Opt-in Plaintiff Fruge is properly in this case*" (emphasis added)); *see also*, Helix's Br. at 9 (admitting that Fruge filed a new lawsuit after Helix claimed he was not part of *McKnight*).) Belhumeur joined *Fruge* by consenting in writing to be part of it. (ROA.787.) Shortly afterwards, Helix did an about face and claimed not only that Fruge (and by extension, Belhumeur) were part of *McKnight* regardless of whether the district court had authorized the case to proceed as a collective action (ROA.791-92) but also that Fruge was "blant[ly] … forum shop[ping]" (ROA.788) and "wast[ing]

---

[12] Estoppel aside, the cases relied on by Helix in support of its argument that summary judgment against Belhumeur was proper are all distinguishable from this one where the district court permitted virtually no discovery (see *supra* pages 10-12). (*See*, Helix's Br. at 35-36.) *See, Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 115 (D.D.C. 2004) (authorizing notice to putative class members); *see*, *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 192 (S.D.N.Y. 2014) (authorizing post-certification representative discovery); *Prickett v. DeKalb*, 349 F.3d 1294, 1297-98 (11th Cir. 2003) (explaining that an opt-in plaintiff need not re-join a case after a pleading amendment); *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2010 U.S. Dist. LEXIS 143203, at *26-*27 (S.D. Ohio Aug. 17, 2010) (authorizing post-certification representative discovery with leave to conduct additional discovery if needed).

[13] The two lawsuits were eventually "[b]y agreement between the judges." (ROA.833.)

… judicial resources[]" (*id.*) and "violat[ing] the rule against claim-splitting[]" (*id.* at 794-95). (*See generally*, *id.* at 788-97.) Helix also wanted costs assessed against Fruge. (*Id.* at 792.) Instead of leaving well enough alone and owning the inconsistencies in its own positions, Helix doubled down on the ad hominem attacks in its brief. (Helx's Br. at 11 (insultingly claiming that the *Fruge* lawsuit was "an attempt to forum shop to avoid a pending dispositive motion[]").) Again, none of that was true. Fruge was simply reacting to Helix's own argument. (ROA.70.)

In this appeal, Helix has gone a step further. It now claims, for the first time, that summary judgment was proper as to Belhumeur—even though he did not opt-in to *McKnight* and even though there was never an order authorizing *McKnight* to proceed as a collective action and even though that there is no evidence in the record related to him—"because [he] agreed to be represented by the named plaintiff[.]" (ROA.36; *see also*, *id.* at 35-36.) That cannot be right, and it is not because Helix is judicially estopped from now claiming that Belhumeur was a party to *McKnight* and bound by the district court's summary judgment.

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (citations and quotations omitted). "It is an equitable doctrine invoked by a court at is discretion to

protect the integrity of the judicial process." *Id.* at 574 (citations and quotations omitted). Simply put, Helix cannot have it both ways. It is, in legal parlance, "estopped." *Id.* at 573-74. Either an opt-in plaintiff is a full party for all purposes regardless of whether the district court has authorized the case to proceed as a collective action under 29 U.S.C. § 216(b) or his participation is contingent on authorization but not both. Helix now appears to regret the arguments it previously made—and rightfully so—but the law does not permit the company to advance both of them depending on the relief sought.[14] Accordingly, the Court should reverse.

## 4. The District Court Did Not Overrule McKnight's, Fruge's and Belhumeur's Objections—It Simply Refused to Consider Them

Contrary to Helix's suggestion (Helix's Br. at 1), the district court did not once acknowledge McKnight's, Fruge's and Belhumeur's objections to Helix's evidence, even to summarily overrule them. (ROA.733-35.) And even though no order sustaining or overruling the objections exists, Helix appears to have ascertained that the district court carefully considered both them and its response to the objections and ultimately rejected the former and accepted the latter. (Helix's Br. at 33.) In support, Helix simply cites to

---

[14] McKnight, Fruge and Belhumeur are not, as Helix incorrectly posits, "overlook[ing] the opt-in mechanism of the FLSA." (Helix's Br. at 15.) Again, they were simply prosecuting their claims with an eye towards minimizing disputes, and they chose to do so in part by filing two separate lawsuits. (ROA.7-16, 769-78.) That, in their view, rendered Helix's claim that "Opt-in Plaintiff Fruge [was not] properly in [the] case" (ROA.70) moot, which part and parcel of an efficient resolution of the parties' disagreement on that issue. *See*, Fed. R. Civ. P. 1.

the arguments it made to the district court vis-à-vis the objections and not any order or ruling—because, again, none exist. (*Id*.) Most of those arguments were previously addressed in McKnight's, Fruge's and Belhumeur's opening brief. (*See*, Appellants' Br. at 28-31.) The only new one involves deposition testimony from a different lawsuit involving a different plaintiff. (Helix's Br. at 33.) Helix claims that the testimony "shut down" some of the objections that McKnight, Fruge and Belhumeur made about its summary-judgment evidence. (*Id*.) That deposition, though, may not be used against McKnight, Fruge and Belhumeur because it was not taken in action involving the "same parties[.]" Fed. R. Civ. P. 32(a)(8).

There are two final points worth mentioning. First, Helix is wrong when it says that the rules permit it to use a declaration that it never disclosed. (Helix's Br. at 31-32.) The opposite is, in fact, true: Prohibiting the use of a declaration that was not timely disclosed is particularly appropriate where, as here, the district court does not permit most discovery as a matter of course. (ROA.24.) Second, *Martinez v. Abbott*, 796 F. App'x 196 (5th Cir. 2019), does not stand for the proposition for which it was cited. (Helix's Br. at 33.) That case did not involve discovery objections (*id*.); it involved motions for extension of time and objections to a magistrate judge's report and recommendation that the trial court interpreted as motions for discovery under Rule 56(d). *Martinez*, 796 F. App'x at 201 ("Even construing Martinez's many motions for

– 16 –

extensions of time and objections to the magistrate's report and recommendation as

Rule 56([d]) motions … ."). Accordingly, the Court should reverse.

CONCLUSION

The Court should decline Helix's invitation to ignore or rewrite the law and simply apply Department of Labor regulations and binding precedent to the facts of this case. It should also reject Helix's argument the district court—which prohibits most discovery as a matter of course—was correct to deny McKnight's, Fruge's and Belhumeur's request for additional discovery under Rule 56(d) because they did not accurately divine the contents the company's dispositive motion before it was filed. For these and other reasons, all explained above, the Court should reverse.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By:  s/ Melissa Moore
    Melissa Moore
    Tex. Bar No. 24013189
    melissa@mooreandassociates.net
    Curt Hesse
    Tex. Bar. No. 24065414
    curt@mooreandassociates.net

*Counsel for Appellants*

**CERTIFICATION REGARDING PRIVACY REDACTIONS**

As required by 5th Cir. R. 25.2.13 and the ECF Filing Standards for the United States Court of Appeals for the Fifth Circuit, I certify that all required privacy redactions have been made.

s/ Melissa Moore
————————————————————
Melissa Moore

### CERTIFICATION REGARDING ELECTRONIC SUBMISSION

As required by 5th Cir. R. 25.2.1 and the ECF Filing Standards for the United States Court of Appeals for the Fifth Circuit, I certify that the electronic submission of this document is an exact copy of the paper document and that it has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

s/ Melissa Moore
_____
Melissa Moore

CERTIFICATE OF SERVICE

As required by Fed. R. App. P. 25(b) and 5th Cir. R. 25.2.5, I certify that I served a copy of this document on all parties or their counsel of record—who are listed below—in accordance with Fed. R. App. P. 25(c) as follows:

> Mr. M. Carter Crow
> carter.crow@nortonrosefulbright.com
> NORTON ROSE FULBRIGHT US LLP
> Fulbright Tower
> 1301 McKinney, Suite 5100
> Houston, Texas 77010
> Facsimile: (713) 651-5246
> *Counsel for Appellee Helix Energy Solutions Group, Incorporated*
>
> ☐ personal delivery
> ☐ mail
> ☐ third-party commercial carrier
> ☐ electronic means
> ☒ CM/ECF system

| September 9, 2021 | | s/ Melissa Moore |
| --- | --- | --- |
| Date | | Melissa Moore |

## CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. P. 28(a)(10), 32(g)(1) and 5th Cir. R. 32.3, I certify that this document complies with the:

1. type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ☒ this document contains four thousand three hundred fifty-nine (4,359) words, or

   ☐ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Williams Caslon Text font (12-point Williams Caslon Text font for footnotes in accordance with 5th Cir. R. 32.1), or

   ☐ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

s/ Melissa Moore
_____
Melissa Moore